## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERTO JOSE, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 05-10423-RGS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |
| | ) |

## GOVERNMENT'S MOTION TO DISMISS
## PETITIONER'S § 2255 MOTION WITHOUT PREJUDICE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "§ 2255 Motion") filed by Petitioner Roberto Jose ("Jose"). For all of the reasons set forth below, Jose's § 2255 Motion is premature and should be dismissed without prejudice.

### I.    BACKGROUND

On September 20, 2000, a federal grand jury returned a Second Superseding Indictment against Jose, charging him with conspiracy to possess with intent to distribute cocaine base, also known as "crack" in violation of 21 U.S.C. § 846 and § 841(a)(1) (Count 1), possession with intent to distribute five (5) grams or more of crack in violation of 21 U.S.C. § 841(a)(1) (Count 2), and possession with intent to distribute 50 grams or more of crack in violation of 21 U.S.C. § 841(a)(1) (Count 5). On March 2, 2001, the third day of his jury trial, Jose pleaded guilty to all three counts. On June 15, 2001, this Honorable Court sentenced Jose to a term of imprisonment of 151 months and five (5) years of supervised release. Judgment entered three (3) days later on

June 18, 2001.  See Exhibit 1 (Judgment).

That same day, June 18, 2001, Jose filed a notice of appeal, challenging his conviction on grounds that his guilty plea was not entered into knowingly or intelligently and that his plea was coerced.  On December 17, 2004, after numerous delays in procuring transcripts necessary for the appeal, the First Circuit rejected Jose's arguments and affirmed his conviction.

On March 14, 2005, Jose sought an extension of time to file a Petition for Writ of Certiorari with the United States Supreme Court.  See Exhibit 2 (Mot. to Extend Time, Mar. 14, 2005).  After receiving the requested extension, on April 29, 2005, Jose filed his Petition for Writ of Certiorari, arguing that his sentence is unconstitutional based on the Supreme Court's recent decision in United States v. Booker, 125 S.Ct. 738 (2005).  See Exhibit 3 (Pet. for Writ of Cert., Apr. 29, 2005).  He currently awaits a response.

Despite the pendency of this direct appeal, Jose is also challenging his conviction by collateral attack.  Jose filed the instant § 2255 Motion on March 7, 2005, just seven days before he sought leave to continue his direct appeal.  As such, Jose presently has both a direct appeal and a § 2255 Motion pending.

## II.   ARGUMENT

Jose's § 2255 motion is premature because his case is still on direct appeal and should therefore be dismissed without prejudice.  The federal habeas corpus statute allows a person in federal custody to move to vacate, set aside, or correct a sentence in a collateral attack.  28 U.S.C. § 2255.  Absent "extraordinary circumstances," however, courts will not entertain a § 2255 motion when the direct appeal from the same conviction is still pending.  See, e.g., United States v. Diaz-Martinez, 71 F.3d 946, 953 (1st Cir. 1995); United States v. Gordon, 634

F.2d 638, 638-39 (1st Cir. 1980); <u>Tavarez v. United States</u>, 914 F. Supp. 732 (D. Mass. 1996). According to these courts, the orderly administration of criminal law precludes considering duplicative appeals because an already overburdened court could have its decision mooted depending upon the outcome of the direct appeal.  <u>Gordon</u>, 634 F.2d at 638-39 ("the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending") (citations omitted); <u>Diaz-Martinez</u>, 71 F.3d at 953 (holding habeas corpus petition premature where direct appeal was not yet decided); <u>see also</u> Advisory Committee Notes to Rule 5 of the Rules Governing Section 2255 Proceedings (noting "courts have held that such a [§ 2255] motion is inappropriate if the movant is simultaneously appealing the decision").  In addition, the "changing standard of review is one of the variables that militate against allowing a district court to entertain, even to deny, a § 2255 petition filed during the pendency of a direct appeal."  <u>Gordon</u>, 634 F.2d at 639 n.3.  As a § 2255 motion places a higher burden on a petitioner than a direct appeal, dual reviews could result in contradictory outcomes.  <u>See</u> <u>id</u>.

In the First Circuit, dismissal of a § 2255 motion as premature is warranted where the direct appeal is still pending.  <u>See, e.g.,</u> <u>Diaz-Martinez</u>, 71 F.3d at 953; <u>Gordon</u>, 634 F.2d at 638-39; <u>Tavarez</u>, 914 F. Supp. at 732.

In the instant case, Jose's direct appeal is still pending.  Jose is currently awaiting a response to his Petition for Writ of Certiorari from the United States Supreme Court.  <u>See</u> <u>Exhibit 3</u>.  There are no "extraordinary circumstances" here, which would take this case outside the general rule that dismissal without prejudice is appropriate where the § 2255 petitioner's direct appeal is still pending.  Nor has Jose shown any such "extraordinary circumstances."  <u>See</u>

Diaz-Martinez, 71 F.3d at 953; Gordon, 634 F.2d at 638-39; Tavarez, 914 F. Supp. at 732.[1]   As

such, application of the general rule is appropriate and Jose's § 2255 Motion should be dismissed

without prejudice to refiling after his direct appeal is resolved.

Moreover, in his § 2255 Motion, Jose advances largely the same claim (based on Booker)

that is set forth in his direct appeal.  In addressing a similar situation of redundant claims, the

First Circuit reasoned, "we see little practical advantage to simultaneously entertaining a second

appeal which essentially repeats the first under a different guise." Gordon, 634 F.2d at 639.

This Honorable Court should likewise dismiss the instant motion as premature.  See Diaz-

Martinez, 71 F.3d at 953; Gordon, 634 F.2d at 638-39; Tavarez, 914 F. Supp. at 732.

## II.    CONCLUSION

For all of the foregoing reasons, the United States respectfully submits that Petitioner

Roberto Jose's § 2255 Motion should be dismissed without prejudice for re-filing after his direct

appeal is resolved.

DATED:  June 29, 2005                    Respectfully Submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:      /s/ Lisa M Asiaf
LISA M. ASIAF
Assistant U.S. Attorney (D. Mass.)
Tel:  (617) 748-3268

---

[1] Although the First Circuit has affirmed two decisions in which the district court entertained premature § 2255 motions on the merits, the Court noted its prior holding that "in the absence of extraordinary circumstances . . .  a district court should not entertain a section 2255 motion while a direct appeal from the same conviction is still pending."  United States v. Buckley, 847 F.2d 991, 993 n.1, 1000 n.6 (1st Cir. 1988); see also United States. v. Luciano-Mosquera, 63 F.3d 1159, 1158 n.9 (1st Cir. 1995).

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery to:

Mr. Roberto Jose                    Thomas Stylianos, Jr., Esq.
Reg. No. 22514-038                  287 Appleton Street
FCI Ray Brook                       Lowell, MA 01852
PO Box 9002
Ray Brook, NY 12977


_____*/s/ Lisa M. Asiaf*_____
Lisa M. Asiaf
Assistant United States Attorney
District of Massachusetts

5

# EXHIBIT 1

AO 245B (Rev. 8/96) Sheet 1 – Judgment in a Criminal Case

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA

v.

**ROBERTO JOSE**

### JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: **1:99CR10035-001**

**RAYMOND GILLESPIE, ESQ.**

Defendant's Attorney

### THE DEFENDANT:

☒ pleaded guilty to count(s)   **COUNTS 1, 2, 5 OF SECOND SUPERSEDING INDICTMENT**

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE BASE | 02/04/1999 | 1 |
| 21 U.S.C. § 841 (a)(1) | POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF COCAINE BASE | 08/14/1998 | 2 |
| 21 U.S.C. § 841 (a)(1) | POSSESSION WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF COCAINE BASE | 12/02/1998 | 5 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  **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**

Defendant's Date of Birth:  **10/24/1972**

Defendant's USM No.:  **22514-038**

Defendant's Residence Address:

**PLYMOUTH COUNTY HOUSE OF CORRECTION**

**26 LONG POND ROAD**

**PLYMOUTH                    MA**

Defendant's Mailing Address:

**PLYMOUTH COUNTY HOUSE OF CORRECTION**

**26 LONG POND ROAD**

**PLYMOUTH                    MA**

**06/15/2001**

Date of Imposition of Judgment

*Richard G. Stearns*

Signature of Judicial Officer

**RICHARD G. STEARNS**

**UNITED STATES DISTRICT JUDGE**

Name & Title of Judicial Officer

**6-18-01.**

Date

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

Judgment-Page __2__ of __7__

DEFENDANT:       ROBERTO JOSE
CASE NUMBER:     1:99CR10035-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ___151___ month(s)_____.

**SAID SENTENCE TO BE SERVED CONCURRENTLY ON EACH OF COUNTS 1, 2 AND 5.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**THE COURT RECOMMENDS COMMITMENT TO FORT DIX, NEW JERSEY.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ a.m./p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page ___3___ of ___7___

DEFENDANT:    **ROBERTO JOSE**

CASE NUMBER:    **1:99CR10035-001**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ____5____ year(s) .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page    4

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

DEFENDANT:       ROBERTO JOSE
CASE NUMBER:     1:99CR10035-001

# SPECIAL CONDITIONS OF SUPERVISION

1.  THE DEFENDANT SHALL NOT PURCHASE OR POSSESS A FIREARM OR ANY OTHER DANGEROUS
WEAPON;

2.  DEFENDANT SHALL PARTICIPATE IN A SUBSTANCE ABUSE PROGRAM AT THE DIRECTION OF
THE U.S. PROBATION OFFICER, WHICH PROGRAM MAY INCLUDE RANDOM DRUG TESTING
TO DETERMINE IF THE DEFENDANT HAS REVERTED TO THE USE OF DRUGS OR ALCOHOL.  THE
DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF THESE SERVICES FOR
SUCH TREATMENT BASED ON THE ABILITY TO PAY OR AVAILABILITY OF THIRD PARTY PAYMENT;

3.  IF ORDERED DEPORTED, THE DEFENDANT SHALL LEAVE THE UNITED STATES OF AMERICA AND NOT
RETURN WITHOUT THE PRIOR WRITTEN PERMISSION OF THE UNITED STATES ATTORNEY GENERAL;

4.  THE DEFENDANT SHALL PAY A SPECIAL ASSESSMENT OF $300.00 FORTHWITH.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __5__ of __7__

DEFENDANT: **ROBERTO JOSE**
CASE NUMBER: **1:99CR10035-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $        300.00 | $ | $ |

☐  If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . .   $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  The interest requirement is waived.

   ☐  The interest requirement is modified as follows:

# RESTITUTION

☐  The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| **Name of Payee** | **\* Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
|  |  |  |  |
| **Totals:** | $ _____ | $ _____ |  |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __6__ of __7__

DEFENDANT:    **ROBERTO JOSE**
CASE NUMBER:    **1:99CR10035-001**

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    ☒    in full immediately; or

B    ☐    $ _____ immediately, balance due (in accordance with C, D, or E); or

C    ☐    not later than _____ ; or

D    ☐    in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    ☐    in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special Instructions regarding the payment of criminal monetary penalties:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

Judgment-Page __7__ of __7__

DEFENDANT:    **ROBERTO JOSE**
CASE NUMBER:    **1:99CR10035-001**

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:    **34**

Criminal History Category:    **I**

Imprisonment Range:    **151 TO 188 MONTHS**

Supervised Release Range:    **5 YEARS**

Fine Range:  $ ____17,500.00____ to $ __10,000,000.00__

  ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ ____0.00____

  ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

  ☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

  ☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐ The sentence departs from the guideline range:

  ☐ upon motion of the government, as a result of defendant's substantial assistance.

  ☐ for the following specific reason(s):

# EXHIBIT 2

# Thomas Stylianos, Jr.

ATTORNEY AT LAW
287 Appleton Street
Lowell, Massachusetts 01852
**Telephone 800-308-3766 (Toll Free)**
Voice 978-459-5000 FAX 978-459-3079

March 14, 2005

Ms. Johnson
Clerk' s Office
The Supreme Court for the United States
1 First Street North East
Washington DC 20543

EXPRESS MAIL ED 171535602 US

Re:     **Motion to Extend Time for Filing Petition for Certiorari**
        U.S. v. Roberto **JOSE**, First Circuit # 01-1931, D-Mass. 1999-10035

Dear Ms. Johnson:

Thank you for your assistance last week. Enclosed please find my motion to Extend Time, 2 copies thereof, and an Attorney Affidavit in support.

Please feel free to contact me should you need more of different information.

Sincerely yours,

Thomas Stylianos, Jr.

CC:
Office of the United States Attorney
John J. Farley, AUSA
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston MA 02210

Client
Mr. Roberto Jose, Reg. No. 22514-038
FCI Ray Brook
P.O. Box 9002
Ray Brook NY 12977

Received 3/15/05
& 1:46 p.m.

C:\Wp\client\Jose, Roberto - Fed Appeal\Cert\Transm clerk.wpd

**IN THE**
**SUPREME COURT OF THE UNITED STATES**

No.:_____

ROBERTO JOSE,
Petitioner
v.
UNITED STATES of AMERICA,
Respondent

**MOTION TO EXTEND TIME FOR FILING PETITION FOR**
**CERTIORARI**

TO THE HONORABLE COURT:

COME NOW the Petitioner, represented by the undersigned counsel and moves this

Honorable Court to:

1.    Find that Good Cause and Extraordinary Circumstances exist, and

2.    Extend the time for filing a Petition for Certiorari for the above Defendant,

Petitioner here, by 46 days, until May 2, 2005.

In support of this motion the Petitioner offers the following:

3.    At the time that the Judgment entered in the United States Appeals Court for the

First Circuit, this Court's decision in *U.S. v. Booker*, 125 S.Ct. 738 (2005), had not

been announced.  While *Blakely v. Washington*, 542 U.S. _____ (2004) had been

announced at the time the Petitioner's brief was filed, it had no effect on the legality

of Mr. Jose's sentence.

4.    *Booker* was announced about a month after the Judgment and days after the

Mandate issued in Mr. Jose's appeal.

5.  *Booker* appears to cast significant doubt as to the Constitutionality of Mr. Jose's sentence. Further, as it removes, based on Constitutional grounds, the requirement that a sentencing court impose a guideline sentence, it makes the *Blakely* ground for challenging sentencing points important. The trial judge stated at sentencing " . . . **I believe that the defendant is truly remorseful for his actions. And I think his sentence at the minimum, 151 months is warranted."** Sentencing Hearing before Honorable Richard G. Sterns in Criminal action 99-10035 in D-Mass. Boston on June 15, 2001.

6.  It is my opinion that Mr. Jose has meritorious claims for relief under *Booker* and now, because of *Booker*, *Blakely* holds the possability of more relief.

7.  Further reasons for finding of good caus and Extraordinary circumstances are detailed in Counsel's Affidavit annexed hereto.

Wherefore, it is respectfully requested that this Honorable Court grant this motion to extend time for filing a Petition for Certiorari.

Respectfully submitted,

Thomas Stylianos, Jr.
287 Appleton Street
Lowell MA 01852
Tel:    978-459-5000
Fax:    978-459-3079
Counsel of Record for Roberto Jose

Exhibits:
    Attorney Affidavit
    Copy of Order

Trial Court Docket # 1999-10035, District Court of Massachusetts
Appeals Court# 01-1931, United States Court of Appeals for the First Circuit

Certificate of Service

I, Thomas Stylianos, Jr., hereby certify that on this March 14, 2005, I served this paper and

all exhibits upon  Office of the United States Attorney, John J. Farley, AUSA, U.S.

Courthouse, Suite 9200, 1 Courthouse Way, Boston MA 02210 by first class mail postage

prepaid.


_____                    3/14/2005
Thomas Stylianos, Jr.                                             Date

**IN THE**
**SUPREME COURT OF THE UNITED STATES**

No.:_____

ROBERTO JOSE,
Petitioner
v.
UNITED STATES of AMERICA,
Respondent

**ATTORNEY AFFIDAVIT**

Now Comes the Attorney and states and swears as follows:

1.     My name is Thomas Stylianos, Jr., I am admitted to practice in the Commonwealth

of Massachusetts and before the United States Court of Appeals for the First

Circuit.  I was appointed to represent the above Roberto Jose in his appeal before

the First Circuit.  In that appeal, Judgment entered on December 17, 2004 and the

Mandate entered on January 7, 2005.

2.     Counsel erroneously believed that he representation was complete and notified Mr.

Jose of that.  Subsequently, on March 8, after normal business hours, the Court

issued an order and faxed it to me. (See attached)  The gist of the order was that I

was still representing Mr. Jose and Mr. Jose had asked that a Petition for Certiorari

be filed based on the recently decided *Booker* case.  On 9,[th] I procured a copy of the

*Booker* opinion and reviewed it on the 10th at which time it appeared apparent that

the case would effect the legality of Mr. Jose's sentence.

3.     Promptly, I set to work to see what was needed to protect Mr. Jose's rights and

discovered that it was possible to extend the time for filing a petition by up to 60

days on good cause. Unfortunately, the normal time for filing such a motion had

passed when I was made aware of my omission by the Appeals Court.

4.      Therefore, I ask that the Court find that **extraordinary circumstances exist for**

**hearing and deciding this motion**.

5.      Counsel has a busy private practice which includes an immigration practice

including political asylum cases and immigration appeals in deportation cases. At

the present time, I have two Board of Immigration Appeals briefs due and one

Petition for Review before the First Circuit due in early April. Additionally, on

March 28, I am scheduled to start a Criminal Trial in State Court which involves a

life felony and I expect it to last between 1 and 2 weeks once commenced.

6.      It is my opinion that Mr. Jose's appeal of his sentence – which was set at the

minimum of a range in his original sentencing – is, in light of *Booker*, un

Constitutional. Because of *Booker*, it appears that *Blakely* my also impact his

sentence.

7.      For the reasons stated above, It is my opinion that there is both good cause and

extraordinary circumstances which require the granting of the 46 days requested.

Signed under the pains and penalties of perjury.

Thomas Stylianos, Jr.

3/14/2005

Date

# United States Court of Appeals
## For the First Circuit

No. 01-1931

UNITED STATES,

Appellee,

v.

ROBERTO JOSE,

Defendant, Appellant.

ORDER OF COURT
Entered: March 9, 2005

On March 7, 2005, Petitioner Roberto Jose filed a motion requesting the appointment of new counsel in order to file a petition for writ of certiorari before the United States Supreme Court. Petitioner's court-appointed (CJA) counsel on appeal, **Thomas Stylianos Jr.**, has given him the mistaken impression that Mr. Stylianos no longer represents him. Attorney Stylianos has not fulfilled the requirements under L.R. 46.5(c)[1] for withdrawing, and

---

[1] Local Rule 46.5(c) states, in relevant part:

> [E]xcept when relieved by the court, counsel's appointment shall not terminate until, if the person loses the appeal, counsel informs the person of that fact and of the person's right to petition for certiorari and the time period and has prepared and filed the petition if the person requests it and there are reasonable grounds for counsel properly to do so (**see** Rule 10 of the Rules of the Supreme Court of the United States). If counsel determines that there are no reasonable grounds and declines to file a petition for certiorari requested by the person, counsel shall so inform the Court and request leave to withdraw from the representation by written motion stating that counsel has reviewed the matter and determined that the petition would be frivolous, accompanied by counsel's

the court has not otherwise relieved him of his duty on this case. This court entered its judgment affirming the district court's sentence on December 17, 2004 and issued its mandate on January 7, 2005. Petitioner's deadline for filing his petition for certiorari is approaching in less than a week.

Petitioner Jose believes he may have a meritorious claim, in a petition for certiorari, to challenge the district court's sentencing enhancements in light of United States v. Booker, 125 S.Ct. 738 (2005), which was decided a week after our mandate issued. Because the United States Supreme Court has vacated and remanded numerous sentencing cases, decided prior to United States v. Booker, through petitions for certiorari, the possibility exists that petitioner's desired relief is not frivolous.

Accordingly, we must deny petitioner's motion and order that Mr. Stylianos continue his representation of Petitioner Roberto Jose.

By the Court:

Richard Cushing Donovan, Clerk.

By: **MARGARET CARTER**
Chief Deputy Clerk.

[cc: Thomas Stylianos, Esq., Dina Michael Chaitowitz, AUSA]

certification of the date when a copy of the motion was furnished to the person. . . .

# EXHIBIT 3

# Thomas Stylianos, Jr.

ATTORNEY AT LAW
287 Appleton Street
Lowell, Massachusetts 01852
**Telephone 800-308-3766 (Toll Free)**
Voice 978-459-5000 FAX 978-459-3079

April 29, 2005

Ms. Johnson
Clerk's Office
The Supreme Court for the United States
1 First Street North East
Washington DC 20543

EXPRESS MAIL ED 172583079 US

Re:    **Petition for Certiorari and IFP** (extension of filing time previously granted)
U.S. v. Roberto **JOSE**, First Circuit # 01-1931, D-Mass. 1999-10035

Dear Ms. Johnson:

Enclosed please find the following:

Motion for Leave to Proceed In Forma Pauperis
Petition for Certiorari

10 Copies of the above.

Please feel free to contact me should you need more of different information.

Sincerely yours,

Thomas Stylianos, Jr.

CC:
Office of the United States Attorney
John J. Farley, AUSA
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston MA 02210

Client
Mr. Roberto Jose, Reg. No. 22514-038
FCI Ray Brook
P.O. Box 9002
Ray Brook NY 12977

F:\Wp\client\Jose, Roberto - Fed Appeal\Cert\Petition Transm clerk.wpd

**IN THE
SUPREME COURT OF THE UNITED STATES**

No.:_____

ROBERTO JOSE,
Petitioner
v.
UNITED STATES of AMERICA,
Respondent

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

TO THE HONORABLE COURT:

**NOW COMES** the Petitioner, represented by the undersigned counsel, and respectfully requests to proceed *in forma pauperis*, pursuant to Rule 39.1 of the Rules of the Supreme Court of the United States. In support of this motion, the undersigned states as follows:

1.   The Petitioner was determined to be indigent in the course of criminal proceedings before the United States District Court for the District of Massachusetts, and before the United States Court of Appeals for the First Circuit and has been represented since 1999 by CJA - appointed counsel.

2.   The undersigned understands thah this appointment exempts the petitioner from the payment of fees or costs, and from filing of an affidavit pursuant to 28 U.S.C. § 1915(a).

**WHEREFORE,** its is respectfully requested that this Honorable Court grant the Petitioner's request to proceed *in forma pauperis*, and that this court accept the attached petition for a writ of *certiorari*.

Respectfully submitted,

Thomas Stylianos, Jr.
287 Appleton Street
Lowell MA 01852
Tel:    978-459-5000
Fax:    978-459-3079
Counsel of Record for Roberto Jose

Trial Court Docket # 1999-10035, District Court of Massachusetts
Appeals Court# 01-1931, United States Court of Appeals for the First Circuit

Certificate of Service
I, Thomas Stylianos, Jr., hereby certify that on this April 29, 2005, I served this paper and all exhibits upon  Office of the United States Attorney, John J. Farley, AUSA, U.S. Courthouse, Suite 9200, 1 Courthouse Way, Boston MA 02210 by first class mail postage prepaid and filed this paper with the United States Supreme Court by Express Mail.

Thomas Stylianos, Jr.                                    4/29/2005
                                                         Date

No. _____

**IN THE**
**SUPREME COURT OF THE UNITED STATES**
OCTOBER TERM, 2004

ROBERTO JOSE,
Petitioner
v.
UNITED STATES of AMERICA,
Respondent

**PETITION FOR WRIT OF CERTIORARI**
**TO THE UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

**Thomas Stylianos, Jr.**
287 Appleton Street
Lowell MA 01852
(978) 459-5000
For the Petitioner

## QUESTION PRESENTED

1.　　Whether or not the Court's decision in *U.S. v. Booker*, 125 S.Ct. 738 (2005)

requires re-sentencing as the sentencing judge appears to sentence at the minimum

guideline sentence and no lower because of the then mandatory nature of the

guidelines.

**APPENDICES**

A.   Judgment of the United States Court of Appeals for the First Circuit, dated

01/07/2005

B.   Transcript of Sentencing Hearing of June 15, 2001 before Judge Stearns at the

United States District Court of Massachusetts, Docket Number 99-10035.

## **TABLE OF AUTHORITIES**

CASES                                                                    Page
*Blakely v. Washington*,
542 U.S. _____ (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

*U.S. v. Booker*,
125 S.Ct. 738 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

STATUTES
21 U.S.C., § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C., § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1254(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

No. _____

**IN THE**
**SUPREME COURT OF THE UNITED STATES**
OCTOBER TERM, 2004

ROBERTO JOSE,
Petitioner
v.
UNITED STATES of AMERICA,
Respondent

**PETITION FOR WRIT OF CERTIORARI**
**TO THE UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

The petitioner respectfully prays that a writ of *certiorari* issue to review the

judgment and opinion of the United States Court of Appeals for the First Circuit affirming

the judgment against him.

**<u>OPINION BELOW</u>**

In a trial commenced in February 2001, fraught with difficulties and friction

between the Petitioner and trial counsel[1], the Petitioner decided to tender a plea of guilty

during the Government's case in chief.  After some discussion, his plea was accepted by

the court and he was sentenced to 151 months of imprisonment followed by 5 years of

supervised release.  In arriving at the 151 month sentence the stated that the defendant's

---

[1] Trial counsel had been discharged and re-engaged apparently twice in the course of the
trial.

-1-

remorse was sufficient "reason to impose a sentence at the minimum level of the guidelines prescribed." In determining the Guideline Sentence, the judge included 2 points at the recommendation of the Probation Officer for the defendant's role as a manager and supervisor, resulting in a score of 34 points. The Petitioner was determined to be in Criminal History Category 1.

## JURISDICTIONAL GROUNDS

The Petitioner requests review of the judgment of the First Circuit entered on January 7, 2005, affirming the conviction and sentence. Supreme Court Jurisdiction is invoked under 28 U.S.C. § 1254(1).

## RELEVANT LAW

This petition concerns sentences under 21 U.S.C., § 846 and 21 U.S.C., § 841(a)(1) as they are effected by the decisions of *Blakely v. Washington*, 542 U.S. _____(2004) and *U.S. v. Booker*, 125 S.Ct. 738 (2005) as they effect the application of the United States Sentencing Guidelines.

## STATEMENT OF THE CASE

At the time of trial and sentencing, the United States Sentencing Guidelines were applicable and mandatory for sentencing in the Federal Courts. At sentencing the Trial Judge appears to rely upon the minimum sentence per guideline.

Subsequently, after trial and sentencing this Court decided *Blakely* which required enhancement points to be supported by an admission or a jury finding. There was no effect as the applicable range with the 2 point management or supervisory role enhancement was

-2-

151 - 188 months and without the enhancement it was 121-151 months. As the petitioner was sentenced to 151 months, this was a lawful sentence under *Blakely*.

After the Mandate / Judgment entered on January 7, 2005, the *Booker* decision was announced which removed the mandatory nature of the Sentencing Guideline sentences. As Mr. Jose was apparently sentenced at the minimum sentence the judge felt he could impose, we have brought the petition for *certiorari*

## REASONS FOR GRANTING THE WRIT

### I.  BASED ON THE LAW ANNOUNCED IN *BLAKELY* AND *BOOKER* THE SENTENCING JUDGE'S RELIANCE ON THE SENTENCING GUIDELINES WAS UNLAWFUL

Simply put, there is ample evidence that the trial and sentencing judge imposed what he believed was the minimum sentence authorized by law. The law as explained in *Blakely* and *Booker* (which were decided after the sentencing). It is unfair to burden the Petitioner with a sentence longer than the judge would have imposed if he did not feel constrained by the guidelines.

At the time of original sentencing, the Petitioner was sentenced to 151 months of imprisonment based on Criminal History Category 1, 32 offense points and 2 management points (suggested by probation). Under *Blakely*, the 2 management points could not be assessed, however, it was of no moment because it merely moved the sentence from the bottom of one range to the top of the lower range – still a lawful sentence.

When *Booker* was decided, the judge's actions in sentencing and his words made it clear that the sentence was unlawful as the judge felt he had to apply the guideline

-3-

sentence. At the sentencing the judge states as follows after the speaks in his own behalf:

1           All Right. I think the defendant's remorse
2       is genuine, and I think that that alone is sufficient
3       reason to impose a sentence at the minimum level of the
4       guidelines prescribed.

Transcript of D-Mass. Sentencing in 99-10035, 4:1-4. (See appendix B).

Applying the applicable law, first *Blakely* strips away the management 2 points

resulting a range of 121-151 months, then *Booker* makes this merely a suggestion. Given

this freedom, it is clear from the sentencing judges words, given discretion, he would

impose a lesser sentence.

**CONCLUSION**

For the reasons expressed above, this Court should grant this Petition for

*Certiorari.*

Respectfully submitted,

Thomas Stylianos, Jr.
287 Appleton Street
Lowell MA 01852
Tel:    978-459-5000
Fax:    978-459-3079
Counsel of Record for Roberto Jose

Trial Court Docket # 1999-10035, District Court of Massachusetts
Appeals Court# 01-1931, United States Court of Appeals for the First Circuit

-4-

Certificate of Service

I, Thomas Stylianos, Jr., hereby certify that on this April 29, 2005, I served this paper and all exhibits upon Office of the United States Attorney, John J. Farley, AUSA, U.S. Courthouse, Suite 9200, 1 Courthouse Way, Boston MA 02210 by first class mail postage prepaid and filed this paper with the United States Supreme Court by Express Mail.\

_____          4/29/2005
Thomas Stylianos, Jr.                     Date

-5-

# APPENDIX
# A

*Jose*

~~USDC/MA~~

Stearns R.

# United States Court of Appeals
## For the First Circuit

No. 01-1931

# MANDATE

UNITED STATES,

Appellee,

v.

ROBERTO JOSE,

Defendant, Appellant.

---

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

---

**JUDGMENT**
**Entered: December 17, 2004**

Appellant Roberto Jose challenges the validity of his guilty plea, for the first time on appeal, and seeks to withdraw it and vacate his conviction. After carefully considering the record below, Appellant's Brief, and Appellee Government's Motion for Summary Disposition in light of controlling case law, the court finds that Appellee's motion should be granted and the judgment summarily affirmed.

The record below is fully-developed and appropriate for appellate review. United States v. Martinez-Martinez, 69 F.3d 1215, 1219 (1st Cir. 1995). In reviewing the district court record, the court concludes that Appellant's guilty plea was entered unconditionally and admittedly voluntarily and with full understanding of its consequences. Appellant did not reserve anything for appeal in writing. He further raises no jurisdictional challenges on appeal and this court finds that the district court had subject matter jurisdiction over Appellant's

case. Therefore, Appellant's unconditional guilty plea precludes his challenges on appeal that the district court erred in its rulings regarding his waiver of counsel and decision to proceed *pro se*. United States v. Cordero, 42 F.3d 697, 699 (1st Cir. 1994).

Appellant also cannot establish that his guilty plea was coerced. Appellant does not allege or demonstrate that any defect occurred in the Rule 11 plea colloquy or that the district court committed plain error. United States v. Hoyle, 237 F.3d 1, 5 (1st Cir. 2001); United States v. Noriega-Millan, 110 F.3d 162, 166 (1st Cir. 1997).

Accordingly, this court finds no plain error in the proceedings below and no substantial question for appeal. The judgment of the district court is _affirmed_ and any other outstanding motions are dismissed as moot. Loc. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*[signature]*

Deputy Clerk

Date: 1/7/05

MARGARET CARTER

By: _____

Chief Deputy Clerk.

[cc: Thomas Stylianos, Esq., Roberto Jose, Dina Michael Chaitowitz, AUSA]

APPENDIX

B

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2

3    * * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA,          *
4                        Plaintiff,     *
                                   *
5              vs.                  *    Criminal Action
                                   *    No. 99-10035
6    ROBERTO JOSE aka Cabeza,       *
                   Defendant.       *
7    * * * * * * * * * * * * * * * *

8

BEFORE THE HONORABLE RICHARD G. STEARNS
9              U.S. DISTRICT COURT JUDGE
                      **SENTENCING**
10                   June 15, 2001

11

APPEARANCES:

12

13          UNITED STATES ATTORNEY'S OFFICE (by John J.
     Farley, Esq.) United States Courthouse, One
14   Courthouse Way, Boston, Massachusetts 02110, on
     behalf of the Government

15

          RAYMOND E. GILLESPIE, ESQ., 875 Massachusetts
16   Avenue, Suite 32, Cambridge, Massachusetts 02139,
     on behalf of the Defendant

17

18

19                                 Courtroom No. 21
                                   U.S. District Court
20                                 1 Courthouse Way
                                   Boston, Massachusetts 02210

21

22

23              Deborah L. Nemetz, CSR, RPR
                   Official Court Reporter
24            3507 United States Courthouse
               Boston, Massachusetts  02210

25

## P R O C E E D I N G S

1

2          **THE CLERK:**  All rise for the Honorable

3     Court.  All persons having anything to do before the

4     Honorable Richard G. Stearns, United States District

5     Judge, now sitting at Boston, within and for the

6     District of Massachusetts may draw near, give their

7     attendance and they shall be heard.  God save the United

8     States of America and this Honorable Court.

9               Court is open.  You may be seated.

10              This is <u>United States of America versus</u>

11    <u>Roberto Jose</u>, Criminal No. 99-10035.

12              Will counsel please identify themselves for

13    the record.

14          **MR. FARLEY:**  Good morning, Your Honor.

15    John Farley on behalf of the United States.

16          **MR. GILLESPIE:**  Good morning, Your Honor.

17    Raymond Gillespie on behalf of Roberto Jose.

18          **THE CLERK:**  Mr. Haddad, would you stand and

19    be sworn, please.

20        <u>**GABRIEL HADDAD, INTERPRETER, SWORN**</u>

21              (All statements of the defendant are

22    through the interpreter unless otherwise indicated.)

23          **THE COURT:**  I think where we left off on

24    the proceeding that was suspended last week, I indicated

25    to Mr. Jose that he has the right to address the Court

1     on the subject of sentencing, if he chooses to do so.

2                    Mr. Jose, is there anything you would like

3     to say?

4                    **THE DEFENDANT:**  Yes.  Thank you for the

5     opportunity, Your Honor.

6                    Your Honor, I know I made a big mistake.  I

7     want to let you know how sorry I am about it.  Your

8     Honor, I'm very sorry.  I want to ask the Court for

9     forgiveness.  I want to ask the U.S. Attorney for

10    forgiveness for all the problems that I have caused.  I

11    want to ask the United States for forgiveness for the

12    crime that I have committed in this country.

13                    I also want to tell my family that I'm

14    sorry -- my mother, my siblings.  And I also want to ask

15    my fiancee for forgiveness -- my daughter, whom I don't

16    know, for the pain and suffering that I have brought

17    onto them and all the time that I have been apart from

18    them and all the time I still will be apart from them.

19                    Your Honor, I want to let you know that I

20    know that I've let down a lot of people who have trusted

21    me.  I want you to know that I'm very sorry about it.

22    And, lastly, I want to tell you and to swear to you and

23    to my family and with God as my witness that I will

24    never again have anything to do with drugs.  Thank you.

25                    **THE COURT:**  Thank you, Mr. Jose.

1              All right.  I think the defendant's remorse

2      is genuine, and I think that that alone is sufficient

3      reason to impose a sentence at the minimum level of the

4      guidelines prescribed.

5              I do, however, after having carefully

6      reviewed the evidence in this case, conclude that the

7      upward adjustment recommended by the probation officer

8      of two points for the defendant's role as a manager and

9      supervisor is warranted.  And let me explain my reason

10     in that regard.

11             Reviewed specifically among other items

12     that were submitted by the parties was the report of the

13     June 19th, 1998, arrest of the defendant and his brother

14     Franklin.  That is an incident of which I have more than

15     a passive familiarity, having heard the testimony

16     regarding the incident during the motion to suppress.

17             I've also reviewed the report for the

18     August 14, 1998, sale in which the defendant is involved

19     which occurred at La Bahia restaurant.  I watched the

20     videotape of the December 2, 1998, transaction, although

21     I must admit I did not glean much from the videotape

22     itself.

23             I've also reviewed the statements and the

24     reports made by Miguel Ascencio as to the defendant's

25     father, Andres, and his brother Franklin.

1        Let me indicate that I discounted the

2   statements by Miguel Ascencio attributing leadership of

3   the drug organization to the defendant.  The statement

4   is self-serving and I think inconsistent with the

5   evidence which rather portrays an organization with

6   which Mr. Ascencio and the defendant more or less were

7   functioning as partners in directing the organization

8   itself.

9        The fact that Mr. Ascencio, on these

10  transcripts that I reviewed, displayed reluctance or

11  hesitation in setting aside or authorizing the drug sale

12  without first consulting with the defendant, to my mind

13  is not inconsistent with a view of the partnership.

14        I do credit Mr. Ascencio's statements that

15  he was recruited -- or invited, I think was the word

16  that he used -- into the organization by the defendant

17  simply because that statement is consistent with the

18  statements of defendant's father and defendant's

19  brother.

20        What I specifically relied on in finding

21  that the defendant did function as a manager or a

22  supervisor are the following items:

23        First, in each of the documented sales or

24  possessions, while the defendant played a prominent role

25  as a negotiator, he did not personally handle the drugs

1   but rather arranged the delivery of the drugs of other

2   participants in the organization, which to my mind is an

3   indices of leadership.

4           In the June 19, 1998, incident and arrest,

5   I find it significant that it was the defendant who

6   sought to intervene directly with the police while

7   instructing his brother Franklin, who was carrying the

8   drugs, to leave the scene.  I find it significant that

9   the defendant recruited each of the three known

10  co-conspirators into the organization.

11          But what principally persuaded me was the

12  statement of the defendant's brother Franklin;

13  specifically, his statement that his brother and Miguel

14  Ascencio split the profits from the organization while

15  the others were paid, in effect, a weekly stipend and

16  usually by the defendant.

17          I find it significant that Franklin states

18  that on a number of occasions, the defendant instructed

19  him to run errands and to deliver small quantities of

20  drugs in this case, which I find credible, and is alone,

21  without the other existing supervision or management,

22  sufficient to warrant that a finding of a two-point

23  upward adjustment is appropriate.

24          Therefore, I conclude that the criminal

25  history category is one, and the appropriate adjusted

1    offense level is 34 because I believe the defendant is

2    truly remorseful for his actions.  And I think his

3    sentence at the minimum, 151 months, is warranted.  And

4    that is the sentence that I intend to impose.

5         So, Mr. Jose, if you would stand, please.

6    Roberto Jose, it is the judgment of the Court, pursuant

7    to the Sentencing Reform Act of 1984, that you be

8    imprisoned for a term of 151 months.  This term will be

9    served concurrently on each count of conviction.

10        Upon release from the custody of the Bureau

11   of Prisons, you will be placed on supervised release for

12   a term of five years, this term to run concurrently on

13   each count of conviction.

14        Within 72 hours of your release from the

15   custody of the Bureau of Prisons, you are to report in

16   person to the district to which you are released; that

17   is, report to the probation office in that district.

18        While on supervised release, you will not

19   commit any federal, state or local crime.  You will

20   refrain from any unlawful use of a controlled substance.

21   If the law requires, you are to submit to at least one

22   drug test within 15 days of release from imprisonment

23   and at least two periodic drug tests thereafter as

24   directed by your probation officer.

25        In addition, you will comply with the

1    standard conditions described in the United States

2    Sentencing Guidelines Section 5B1.3C and shall comply

3    with the following special conditions:

4              You are prohibited from possessing a

5    firearm or any other dangerous weapon.

6              You will participate in a program for

7    substance abuse if directed to do so by your probation

8    officer.  The program may include random testing to

9    determine whether you have reverted to the excessive use

10    of alcohol or to the abuse of controlled substances of

11    any kind.  You can be required to contribute to the cost

12    of the services for such treatment, based, of course, on

13    your ability to pay.

14              If ordered deported, you will leave the

15    United States and not return to the United States

16    without the prior written permission of the United

17    States Attorney General.

18              Finally, it is ordered that you pay the

19    United States a special assessment of $300, which will

20    be due immediately.  Because of your financial

21    circumstances, the Court will waive the imposition of a

22    fine, finding that you are not in circumstances that

23    would enable you to pay even the minimum fine prescribed

24    by the guidelines.

25              Do counsel see any technical defects?

1           **MR. GILLESPIE:** No, Your Honor. I did have

2      one question, though. My memory is not quite sharp

3      enough, but did you at the last hearing already rule out

4      crediting the extra points on acceptance of

5      responsibility?

6           **THE COURT:** I did. I think I indicated

7      that the argument or position that the defendant took,

8      which, I thought deserved a hiatus and further study,

9      was the question of supervision and managerial

10     leadership.

11          **MR. GILLESPIE:** And the only other issue

12     was the defendant has asked me to ask the Court to make

13     a recommendation to the Bureau of Prisons that he be

14     placed in the Fort Dix facility in New Jersey, if

15     possible.

16          **THE COURT:** I will happily grant that

17     request. My experience is that that can be done by way

18     of a written motion that I can then allow. I find that

19     the writing has more effect for some reason rather than

20     simply an oral indication, although the recommendation

21     will be incorporated in the judgment of the sentence.

22          **MR. GILLESPIE:** All right.

23          **THE COURT:** All right. Sentence will then

24     be imposed as dictated by the Court.

25          Would you advise the defendant that he has

1    the right to appeal.

2              THE CLERK:  Roberto Jose, you have the

3    right to file a notice of appeal in this case.  If you

4    do wish to file that notice of appeal, you must file it

5    within 10 days from the date that I enter the judgment.

6    If you cannot afford an attorney to file a notice of

7    appeal on your behalf, you may request me to do it, and

8    I can file it for you.

9              THE COURT:  All right.  Thank you, Counsel.

10    Good luck, Mr. Jose.  I trust that you meant what you

11    said.

12              THE CLERK:  All rise.  Court is in recess.

13              (Whereupon the proceedings adjourned.)

14

15

16

17

18

19

20

21

22

23

24

25

# C E R T I F I C A T E

I, Deborah L. Nemetz, Official Court Reporter

for the United States District Court for the District of

Massachusetts, do hereby certify that the foregoing

pages are a true and accurate transcription of my

shorthand notes taken in the aforementioned matter to

the best of my skill and ability.

Deborah L. Nemetz, CSR, RPR
Official Court Reporter
3507 United States Courthouse
One Courthouse Way
Boston, Massachusetts 02210
(617)439-9190